IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE HARDING, ) | Civil Action No. 7:14cv00302 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| FLOYD G. AYLOR, *et al.*, ) | By: Norman K. Moon |
| Defendants. ) | United States District Judge |

Michael Wayne Harding, a federal inmate proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983, naming Superintendent Floyd G. Aylor and guards "John Doe" and "Jane Doe" of the Central Virginia Regional Jail ("Jail") as defendants. Harding complains about the conditions of confinement he experienced at the Jail as a pretrial detainee. Presently before me is Superintendent Aylor's motion for a protective order and motion to dismiss. Harding has filed responses to the motions, and this matter is ripe for disposition. Upon consideration of this action, I will grant Superintendent Aylor's motion for a protective order and will grant in part and deny in part Superintendent Aylor's motion to dismiss.

I.

Harding was incarcerated at the Jail as a pretrial detainee for six months between September 13, 2012, and March 8, 2013. Defendants allegedly caused Harding to be incarcerated with convicted inmates in "heightened security and abhorrent conditions," in violation of due process, and without access to the outdoors, fresh air, and any form of exercise. The "abhorrent conditions" include living in an "overcrowded" cell block with no windows, twenty-four hour illumination and surveillance, and "no partition" for toilets. Also, Harding had to eat unpalatable food while sitting on a bed that had inferior bedding, and his "family visitation," which occurred through a glass window and phone, was limited to thirty minutes per

week. Plaintiff further complains that Jail staff disbursed only one roll of toilet paper per week to each inmate between two and four o'clock in the morning; if an inmate was not awake at that time, the inmate would not receive his weekly allotment of one roll of toilet paper.

As a consequence of these conditions, Harding allegedly suffered "actual physical and mental harms including, but not limited to: severe skin irritations, symptoms of kidney stones, weight gain, vitamin deficiency, forced changes in prescription medicine, sleep deprivation, exacerbated ailments stemming from a previously fractured but unhealed arm and hip replacement, severe depression, embarrassment, humiliation, anxiety, and stress." Harding argues that "John/Jane Doe" had "immediate and constant influence" on the conditions of confinement and that Superintendent Aylor is liable for making policies as Superintendent.

## II.

Superintendent Aylor filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court is not required to "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences,

unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

## III.

The Due Process Clause of the Fourteenth Amendment forbids incarcerating a pretrial detainee in conditions that "amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Conditions constitute "punishment" when they are "imposed for the purpose of punishment," meaning taking a "deliberate act intended to chastise or deter." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 300 (1991). Absent proof of an intent to punish, an unconstitutional punishment may be established if the challenged condition "is not reasonably related to a legitimate goal[; ]if it is arbitrary or purposeless[, ]a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon . . . detainees." *Wolfish*, 441 U.S. at 538-39 (footnote and citation omitted). However, conditions that "are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* at 540.

Except for distributing toilet paper during the middle of the night, none of the conditions Harding describes constitutes an actionable claim for the unconstitutional punishment of a pretrial detainee. Illumination, surveillance, partition-less toilets, and no-contact visitation are conditions reasonably related to maintaining security. *See, e.g.*, *Florence v. Bd. of Chosen Freeholders*, 132 S. Ct. 1510, 1518 (2012); *Block v. Rutherford*, 468 U.S. 576, 586-89 (1984); *Wolfish*, 441 U.S. at 559. Furthermore, Hastings fails to state a violation of any privacy right or to explain how he could not exercise indoors, and Harding's conclusion that he was housed in general population in the most restrictive, "overcrowded" cell block at the Jail with convicted

3

prisoners and without windows does not state a plausible claim for relief. *Twombly*, 550 U.S. at 555; *cf. Brown v. Plata*, 131 S. Ct. 1910, 1923-27 (2011).

Nonetheless, the Due Process Clause is implicated by the claim about the weekly distribution of one roll of toilet paper to a pretrial detainee between two and four o'clock in the morning when sleeping through distribution forfeits a detainee's allotment of toilet paper. No reasonable relationship related to a legitimate goal is apparent for what appears to be a quite arbitrary, purposeless, and punitive scheme to deprive a pretrial detainee of sleep or toilet paper.

Superintendent Aylor argues that the complaint fails to specifically describe his involvement with the weekly nighttime distribution of toilet paper to a pretrial detainee during sleeping hours. Liberally construing the *pro se* complaint, it is plausible that the weekly distribution of toilet paper was pursuant to a policy, practice, or custom designed by Superintendent Aylor. To the extent Superintendent Aylor may be able to provide a legitimate penological reason for such a policy, he shall file a motion for summary judgment. However, Harding does not describe enough facts to plausibly establish John Doe's or Jane Doe's personal act or omission. *See, e.g., Twombly*, 550 U.S. at 555 (requiring a plaintiff's basis for relief to consist of more than labels and conclusions); *cf. Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (describing the deliberate indifference standard for unconstitutional conditions of confinement). Accordingly, claims against John Doe and Jane Doe will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim.

### IV.

Superintendent Aylor argues in the motion for a protective order that discovery should not be required until the motion to dismiss is resolved. Because Harding's discovery requests concern only the dismissed claims, the motion for a protective order will be granted.

## V.

For the reasons stated, I will grant Superintendent Aylor's motion for a protective order and will grant in part and deny in part Superintendent Aylor's motion to dismiss. I also dismiss without prejudice claims against John Doe and Jane Doe pursuant to 28 U.S.C. § 1915A(b)(1). Superintendent Aylor will file a motion for summary judgment supported by affidavits within thirty days of this Order's entry pursuant to Standing Order 2013-6.

**ENTER**: This 4th day of September, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE